UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| IN RE: | : | |
|---|---|---|
| Pamella R. Cambell | : | Chapter 7 |
| | : | |
| Debtor (s) | : | Case No.: 17-17671 ELF |

## MOTION TO AVOID A JUDICIAL LIEN PURSUANT TO 11 USC 522(f)

Pamella R. Campbell, hereinafter referred to as "Debtor" moves this Honorable Court for an Order Avoiding the Judicial Lien held by Freedom Credit Union, and in support thereof aver as follows:

1. Debtor filed a Chapter 7 Bankruptcy on or about November 10th, 2017.

2. The Chapter 7 filing was assigned case number 17-17671 ELF.

3. This Motion is filed pursuant to 11 USC § 522(f) to avoid and cancel a judicial lien held by Freedom Credit Union, on the real property known as and located at 3861 N Park Avenue Philadelphia, PA 19140.

4. Freedom Credit Union obtained a judgment against the Debtor stemming from the docket numbered SC-11-01-20-5293. A true and correct copy of the relevant portions of the docket are attached hereto, incorporated herein and labeled as "**Exhibit A.**"

5. The judgment was entered and damages were assessed at $11,368.09 in favor of Freedom Credit Union.

6. The Debtor's residence is located at 3861 N Park Avenue Philadelphia, PA 19140 (hereinafter referred to as the "residence,") and has a current market value of $39,000.00 without deducting any reasonable and necessary costs for a potential sale, as evidenced by a fair market valuation. Attached hereto, incorporated herein and labeled as "**Exhibit B**" is a fair market valuation of the residence prior to the subject bankruptcy filing.

7. The Debtor's residence is encumbered by a secured lien of $16,868.00 held by PNC Bank, N.A. A true and correct copy of the relevant portion of the Debtor's Credit Report is attached hereto, incorporated herein and labeled as "**Exhibit C.**"

8. The Debtor's residence is encumbered by an additional secured lien of $4,519.00 held by Midland Funding, LLC. A true and correct copy of the relevant portions of the docket are attached hereto, incorporated herein and label as "**Exhibit D.**"

9. Under 11 U.S.C § 522 (f)(2)(A) "a lien shall be considered to impair an exemption to the extent that the sum of…(i) the lien; (ii) all other liens on the property; and (iii) the amount of the exemption that the debtor could claim if there were no liens on the property; exceeds the value that the debtor's interest in the property would have in the absence of any liens."

10. The Debtor has elected to use 11 U.S.C § 522(D)(1) Exemption on her residence, which has rendered any and all equity fully exempt.

11. The aforementioned judicial lien impairs the Debtor's exemption on her residence, and is otherwise unsecured based on the value of the Debtor's residence.

WHEREFORE, the Debtor requests an Order avoiding the judicial lien on Debtor's residence and for such additional or alternative relief as may be just and proper.

Dated: January 17, 2018

/s/Brad J. Sadek, Esq
Brad J. Sadek, Esq.
Sadek and Cooper Law Offices
Attorney for Debtor
1315 Walnut Street
Suite #502
Philadelphia, PA 19107